IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:07-cv-02370-WDM-MEH

**TEXAS INSTRUMENTS INCORPORATED,**

    **Plaintiff,**

    v.

**BIAX CORPORATION,**

    **Defendant.**

_____


Civil Action No. 1:07-cv-02548-WDM-BNB

**BIAX CORPORATION,**

    **Plaintiff,**

    v.

**TEXAS INSTRUMENTS INCORPORATED,**

    **Defendant.**

_____

### PROTECTIVE ORDER
_____

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case ("Litigation"):

IT IS HEREBY ORDERED:

    1.    <u>Definitions</u>:  For purposes of this Protective Order the following capitalized terms shall have the meanings indicated:

a. "Counsel" shall mean the outside law firms who are counsel of record for the respective parties in the Litigation including their staff and independent contractors, and in-house counsel for the corporate parties in the Litigation, and such legal, clerical, paralegal and secretarial staff employed or retained by outside or in-house counsel for the sole purpose of assisting in the Litigation.

b. "Outside Counsel" shall mean the outside law firms who are counsel of record for the respective parties in the Litigation including their staff and independent contractors, and such legal, paralegal and secretarial staff employed or retained by Outside Counsel for the sole purpose of assisting in the Litigation. "Outside Counsel" specifically excludes, without limitation, in-house counsel for the corporate parties in the Litigation, and such legal, clerical, paralegal and secretarial staff employed or retained by in-house counsel.

c. "Document" shall mean all materials within the scope of Rule 34, Federal Rules of Civil Procedure, including, but not limited to, electronically stored data and e-mails from which information can be obtained either directly or indirectly or by translation through detection devices or readers.

d. "Requesting Party" shall mean the party to the Litigation seeking disclosure of information in response to written discovery, requests for admission, deposition questions or otherwise.

e. "Producing Party" shall mean the party or nonparty from whom disclosure of information is sought in response to written discovery, requests for admission, deposition questions or otherwise.

f. "Proprietary Information" shall mean trade secret or other proprietary or confidential Documents or other information considered in good faith by a Producing Party to constitute or to contain trade secrets or other confidential research, development, commercial, or financial information, whether embodied in physical objects, documents, or the factual knowledge of persons. Proprietary Information shall be of two types:

(1) "Confidential" information shall mean Proprietary Information the disclosure of which shall be restricted to the Requesting Party and its Counsel, and its specially retained non-employee experts and non-testifying experts, as set forth in Section 4(b) below. Confidential information shall not be disclosed except as expressly permitted by this Order.

(2) "Confidential – Counsel's Eyes Only" shall mean Proprietary Information the disclosure of which shall be restricted to Outside Counsel for the Requesting Party and specially retained non-employee experts and non-testifying experts. Proprietary Information may be designated as "Confidential – Counsel's Eyes Only" if Outside Counsel for the designating party in good faith has determined constitutes, refers, or relates to non-public highly sensitive commercial, financial, or business information. "Confidential – Counsel's Eyes Only" information shall not be disclosed by that Outside Counsel to the Requesting Party or to any other person except as expressly permitted by this Order.

2. Designations:

a. <u>Documents and Responses to Written Discovery</u>: Each interrogatory answer or portion thereof, each answer to requests for admission or portions thereof, and

each page of a Document or portions thereof produced in the Litigation which is deemed by a Producing Party to disclose Proprietary Information of that party, shall be so identified by that party with the name of the classifying party, e.g. "Plaintiff" or "Defendant," followed by the appropriate classification as defined in paragraph 1(f)(1) or (2) above. The identity of the classifying party need not be provided if it is indicated as part of the production number (e.g. plaintiff's document "P00001") on the document. Unless otherwise agreed between the parties or otherwise permitted by this Order, the identification and designation of Proprietary Information shall be made at the time when the answer to the interrogatory or the answer to the request for admission is served and when a copy of the Document is provided to the Requesting Party. The Producing Party shall be responsible for labeling Documents containing Proprietary Information in accordance with the appropriate classification as defined in paragraph 1(f)(1) or (2) above.

      b.     <u>Document Inspections</u>: The parties recognize that in some instances it may not be possible to identify or designate specific Documents containing Proprietary Information prior to inspection due to the volume of Documents and/or the legitimate desire of the Producing Party not to mark its original records. In such circumstances, only Outside Counsel for the Requesting Party shall be permitted to perform an initial review of the Documents. No Documents of the Producing Party shall be removed from the site of the inspection or copied until the Producing Party has had an opportunity to review and designate such Documents in the manner previously explained. Any Documents subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Requesting Party, and the

Requesting Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently or mistakenly produced information.

      c.      <u>Depositions</u>:  Deposition transcripts shall be treated initially as Proprietary Information designated as "Confidential – Counsel's Eyes Only" in their entirety until ten days after receipt unless the parties expressly agree otherwise.  In the event a party other than the Producing Party wishes to have a company representative attend the deposition, that company representative shall withdraw from the deposition when requested to do so by the party asserting the confidentiality of the deposition testimony and exhibits.  Within fifteen days after receipt of the transcript, any party may designate portions of a deposition transcript as Proprietary Information and designate the appropriate level of confidentiality.  The designation shall be made by letter to all other parties and to the court reporter listing the pages, lines, and exhibits constituting Proprietary Information and the category of confidentiality.  If portions of the transcript or exhibits were designated as Proprietary Information during the deposition, such designation remains in force and need not be reasserted.  After ten days, only those portions of any transcript which are separately designated as Proprietary Information (whether during the deposition or after the receipt of the transcript) shall be deemed Proprietary Information subject to this Order.  Documents designated as Proprietary Information pursuant to this Order shall retain their Proprietary Information status even though marked as a deposition exhibit.

      d.      <u>Inadvertent Failure to Designate</u>:  If, through inadvertence, a Producing Party provides any material containing Proprietary Information without designating the material as such, whether by document production or deposition testimony, the

Producing Party may subsequently inform the Requesting Party in writing of the Proprietary Information status of the material and designate the appropriate level of confidentiality. The Requesting Party shall thereafter treat the disclosed material as Proprietary Information, in accordance with the written notification of the inadvertent disclosure. The Requesting Party shall take reasonable steps to advise persons to whom disclosure was made prior to receipt of a Proprietary Information designation of such designation and of this Order, but shall not otherwise be required to retrieve or take any action to protect the confidentiality of information or copies of documents disclosed prior to the receipt of the Proprietary Information designation. Any Documents which are subject to the attorney-client privilege or work product protection that are inadvertently disclosed shall immediately be returned by the Requesting Party, and the Requesting Party shall also destroy any copies or summaries of, or notes relating to, any such inadvertently produced information.

3. <u>Restrictions on Use</u>: Any Proprietary Information produced during the course of the Litigation shall be used solely for the purposes of the Litigation and shall not be disclosed or used by the Requesting Party or its Counsel for any other purpose including, but not limited to, any business, commercial, competitive or publicity purpose. All obligations and duties arising under this Order shall survive the termination of this action. This Court retains jurisdiction over the parties to resolve any dispute regarding the use of information disclosed under this Order.

4. <u>Obligations of Counsel</u>: Counsel for the respective parties to the Litigation shall ensure strict compliance with the provisions of this Order in their dealings with Proprietary Information, and shall ensure that this Order and all provisions thereof are made known to any person to whom any Proprietary Information is disclosed. All persons responsible for

determining whether discovery responses, Documents or depositions contain Proprietary Information shall be familiar with this Order and the scope of its protection. All Proprietary Information including any copies thereof shall be kept by Counsel in a place appropriately safe, given its status. Proprietary Information may be disclosed to third persons only to the extent necessary for conducting the Litigation, only after each such person has received a copy of this Order and has executed the Acknowledgment attached hereto as Exhibit A, and only as follows:

  a. <u>The Court</u>: The Court, persons employed by the Court, jury personnel, and stenographers transcribing the testimony or argument at a hearing, trial or deposition in the Litigation or any appeal therefrom; provided, however, that such persons must be made aware of the contents of this Order but need not execute the Acknowledgment attached hereto as Exhibit A;

  b. <u>Experts</u>: Proprietary Information may be disclosed to testifying or non-testifying experts who are not employees of the parties and are utilized for purposes of the Litigation;

  c. <u>Deposition Witnesses</u>: Proprietary Information may be disclosed to deposition witnesses during a deposition, while being questioned by Outside Counsel, but only to the extent necessary to assist such counsel in the prosecution or defense of the Litigation and only to the extent relevant to information reasonably believed to be within the witness's knowledge;

  d. <u>Outside Litigation Support Services</u>: Proprietary Information may be disclosed to outside photocopying, imaging, data base, graphics or design services retained by Outside Counsel for purposes of this Litigation and to outside stenographers

and videographers employed by Outside Counsel in connection with depositions and other like proceedings.

5. Entering into, agreeing to, or otherwise complying with the terms of this Order and/or producing or receiving Proprietary Information shall not;

   a. constitute an admission by any party that any Proprietary Information produced by another party contains or reflects trade secrets, confidential information, or proprietary or commercially sensitive information;

   b. constitute an admission by any party that the restrictions and procedures set forth herein are adequate protection for any information designated by any party to be Proprietary Information;

   c. prejudice in any way the rights of any party to (1) object to the production of documents that party considers not to be discoverable, (2) object to the authenticity or admissibility into evidence of any document, testimony or other evidence subject to this Order, or (3) seek a determination by the Court whether any Proprietary Information should or should not be subject to the terms of this Order; or

   d. prevent the parties from agreeing in writing or on the record during a deposition or hearing in this case to alter or waive the provisions or protections provided herein with respect to any Proprietary Information.

6. <u>Pleadings</u>:  All papers, documents and transcripts containing or revealing any Proprietary Information shall be filed either electronically with the Clerk of Court using the appropriate CM/ECF procedure for filing under seal, or in sealed envelopes marked "Confidential Under Protective Order entered _____ (date) – designated confidential matter by _____ (party)" and shall be filed with a Motion for Filing

Under Seal in accordance with Local Rule 7.2.  The Court shall not permit access to the contents of the sealed electronic document or envelope, as the case may be, to anyone other than Outside Counsel without prior written order of this Court.  All documents and pleadings heretofore filed in the Litigation under seal are hereby designated as "Confidential" pursuant to this Protective Order.

7. Conclusion of the Litigation:  Within sixty days after entry of a final judgment or dismissal with prejudice in the Litigation (including appeals or petitions for review) finally disposing of all issues raised in the Litigation, Counsel and all other persons having possession or control of another party's Proprietary Information thereof shall provide to that party copies of all executed Exhibit A documents to the extent not already provided and shall:  (a) return all Proprietary Information and any copies thereof to the Counsel who produced the Proprietary Information; or (b) destroy such Proprietary Information and all documents containing any such Proprietary Information including, but not limited to, notes, summaries, digests, synopses or copies.  Each party shall give written notice of such destruction to all Counsel.   Notwithstanding the foregoing, Counsel may retain court papers, deposition and trial transcripts, and attorney work product (including court papers, transcripts, and attorney work product that contains Proprietary Information, provided that such counsel, and employees of such counsel, shall not disclose any Proprietary Information contained in such court papers, transcripts, or attorney work product to any person or entity except pursuant to a written agreement with the Producing Party.

8. Contested Designations:  A Receiving Party shall not be obligated to challenge the propriety of any designation of Proprietary Information at the time such designation is made, and failure to do so shall not preclude a subsequent challenge thereto.  In the event that a

Receiving Party disagrees at any time with a designation by the Producing Party of any information as Proprietary Information, the parties shall try first to resolve the disagreement in good faith on an informal basis.  If the dispute cannot be resolved within ten business days after the time the notice is received, the Receiving Party may seek appropriate relief from this Court. The Producing Party shall bear the burden of proving, by a preponderance of the evidence, that the information at issue should be protected as Proprietary Information.  The parties may by stipulation provide for exceptions to this Protective Order and any party may seek an order of this Court modifying this Protective Order.  Information designated as Proprietary Information shall remain under the protection of this Protective Order until otherwise ordered by the Court.

9. Trial Procedures:  The parties shall jointly request that the Court implement appropriate procedures to protect Proprietary Information which may be disclosed at the trial or any hearing in the Litigation consistent with the spirit and scope of this Order.

10. Interim Effect:  This Order shall be submitted to the Court for approval and, following approval, shall continue in effect until further order of the Court.  For purpose of proceeding with discovery without delay, pending the Court's approval of this Order, any Proprietary Information produced under the terms of this Order shall be protected by the parties pursuant to the terms of this Order.

Entered this 12th day of June, 2008.

BY THE COURT:

 s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

EXHIBIT A

**ACKNOWLEDGMENT**

    The undersigned acknowledges that he or she has read the foregoing Protective Order entered by the Court in the Litigation and agrees to be bound by its terms and that he or she consents to the jurisdiction of the United States District Court for the District of Colorado in all matters concerning the Protective Order and this Acknowledgment.

_____
(Signature)

_____
(Printed Name)

_____
(Date)