IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
SENIOR JUDGE WALKER D. MILLER

Civil Action No. 07-cv-02370-WDM-MEH

TEXAS INSTRUMENTS, INC.,

    Plaintiff,

v.

BIAX CORPORATION,

    Defendant.

## ORDER ON MOTION TO EXCLUDE TESTIMONY OF PLAINTIFF'S EXPERT

Miller, J.

This case is before me on the Motion to Exclude Testimony of Plaintiff's Expert (doc no 167) filed by Defendant BIAX Corporation ("BIAX"). Plaintiff Texas Instruments, Inc., ("TI") opposes the motion. I have considered the parties' written arguments and find that oral argument is not required. For the reasons that follow, the motion will be granted.

This is a contract case involving settlement terms in a patent dispute. In an earlier legal action, BIAX claimed that TI had infringed on its patents. As part of the settlement, BIAX agreed to license its patents to TI under certain conditions. At issue in this case are the meaning of various provisions in the settlement, including terms governing payment and arbitration in the event that BIAX granted licenses for the same technology to other parties. The agreement is governed by Colorado law. The parties had a dispute that was resolved in arbitration in TI's favor. BIAX has filed a motion to vacate the award.

At issue in this motion is proposed expert testimony proffered by TI. TI's expert is Edward S. Gershuny, an attorney with experience in patents and licensing. Mr. Gershuny has submitted an expert report in which he opines as to his interpretation of the key provisions of the agreement. BIAX objects to this testimony on the grounds that his opinions improperly usurp the court's role as sole adjudicator of the law for the jury, his opinions are barred by FRE 702, and the probative value of his opinions is substantially outweighed by the danger of unfair prejudice, confusion, or misleading the jury under FRE 403. TI argues in response that Mr. Gershuny's opinions are permissible expert testimony regarding the custom or usage of the industry.

I have reviewed the report submitted by Mr. Gershuny and agree with BIAX that his proposed testimony should be barred. I begin with the basic evidentiary rule regarding the admission of expert testimony, Rule 702 of the Federal Rules of Evidence:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

FRE 702. I conclude that Mr. Gershuny's opinions would not assist the trier of fact to understand the evidence or determine a fact in issue. The dispute here revolves around the interpretation of basic contract terms involving licenses, royalty payments, refunds, and arbitration. These are common business and legal concepts, written in plain and understandable language, not involving any particular expertise regarding the underlying technology. To the extent that legal terminology requires explanation, it is the role of the court to offer proper instruction in this regard, as discussed below. Mr.

Gershuny's opinions appear to be based purely on his reading of the contract terms, and he makes no reference to any industry usage, custom, or standard regarding specific words or phrases. Accordingly, his opinions would not assist the trier of fact.

Moreover, I agree that Mr. Gershuny's opinions essentially take over the role of the court and/or the jury. "Generally, an expert may not state his or her opinion as to legal standards nor may he or she state legal conclusions drawn by applying the law to the facts." *Okland Oil Co. v. Conoco Inc.*, 144 F.3d 1308, 1328 (10th Cir. 1998); *Specht v. Jensen*, 853 F.2d 805, 808 (10th Cir. 1988) (admission of legal expert's opinion that defendants' conduct violated the law "allowed the expert to supplant both the court's duty to set forth the law and the jury's ability to apply this law to the evidence."). As BIAX notes, under Colorado law, the determination of whether the contract terms are ambiguous is a question of law for the court. *Pepcol Mfg. Co. v. Denver Union Corp.*, 687 P.2d 1310, 1314 (Colo. 1984). In the event I conclude that the contract terms are unambiguous, I am to interpret them as a matter of law. *Ad Two, Inc. v. City and County of Denver, ex rel Manager of Aviation,* 9 P.3d 373, 376 (Colo. 2000). If I conclude that a contract is ambiguous then its meaning is a question of fact to be determined by the trier of fact, whether jury or court. *Dorman v. Petrol Aspen, Inc.*, 914 P.2d 909, 919 (Colo. 1996). Mr. Gershuny's opinions contain both statements that are properly within the province of the court, that is, the determination of the meaning of unambiguous contract terms, or of the trier of fact in determining what the parties

intended where terms are ambiguous.

Accordingly it is ordered:

1. Defendant's Motion to Exclude Testimony of Plaintiff's Expert (doc no 167) is granted.

DATED at Denver, Colorado, on March 2, 2009.

BY THE COURT:


s/ Walker D. Miller
United States Senior District Judge