IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02370-WDM-MEH

TEXAS INSTRUMENTS, INC.,

      Plaintiff,

v.

BIAX CORPORATION,

      Defendant.

and

Civil Action No. 07-cv-02548-WDM-BNB

BIAX CORPORATION,

      Plaintiff,

v.

TEXAS INSTRUMENTS, INC.,

      Defendant.

---

## ORDER ON PENDING MOTIONS

---

Miller, J.

      This matter is before me on BIAX Corporation's ("BIAX") Motion to Vacate

Arbitration Award (Docket No. 2 in Civil Action No. 07-cv-2548-WDM-BNB)[1], BIAX's

---

[1] Civil Action No. 07-cv-2548-WDM-BNB was consolidated with Civil Action No. 07-cv-2370-WDM-MEH on January 2, 2008 (Docket No. 23).

Motion to Dismiss (Docket No. 73), the Motions for Summary Judgment (Docket Nos. 292 and 296) filed by each party, and the Motions to Strike (Docket Nos. 310 and 319), in which each party sought to strike certain exhibits submitted with the opposing side's motion for summary judgment.  After a review of the pleadings and the parties' written arguments, I conclude oral argument is not required.  For the reasons that follow, the motions shall be granted and denied as set forth below.

Background

This is a contract case involving settlement terms in a patent dispute.  In 2004, BIAX brought suit against Texas Instruments, Inc. ("TI") claiming that some of TI's products infringed five of BIAX's patents.  While the TI/BIAX litigation was pending, BIAX brought a separate action against Intel Corporation ("Intel") and Analog Devices, Inc. ("ADI"), also claiming patent infringement.  In July 2005, TI and BIAX entered into a written settlement agreement (the "TI Agreement") resolving all claims between them. The terms of the settlement are confidential and all filings in this case relating to the TI Agreement have been placed under seal.

On May 9, 2007, BIAX entered into an agreement with ADI (the "ADI Agreement") to settle the litigation between them.  TI contends that the ADI Agreement violated certain terms of the TI Agreement.  Pursuant to the TI Agreement, BIAX and TI submitted a portion of the dispute to binding arbitration.  On October 10, 2007, the arbitrator rendered a decision in favor of TI (the "Arbitration Award").

On November 7, 2007, BIAX moved in state court to vacate the Arbitration Award.  TI removed that action to this Court on December 7, 2007.  TI brought the

2

current action against BIAX on November 9, 2007 alleging four claims for relief: (1)

confirmation of the Arbitration Award; (2) declaratory judgment interpreting the terms of

the TI Agreement; (3) breach of contract; and (4) accounting.  The two cases were

consolidated on January 2, 2008.

Discussion

1.    Motion to Vacate Arbitration Award

BIAX seeks an order vacating the judgment of the arbitrator on two grounds: (1)

the arbitrator refused to hear evidence pertinent and material to the controversy; and (2)

the arbitrator exceeded his powers.  The Motion to Vacate is denied.  I conclude that the

first claim of error fails because the record reveals that the arbitrator did not refuse to

accept the evidence in dispute; rather, BIAX was precluded from presenting the

information because of confidentiality obligations.  Accordingly, I discern no error.  With

respect to the second claimed error, I conclude that the arbitrator did not exceed his

powers but rather construed the contract to determine the intent of the parties.

Although these matters have been kept under seal up to this point, some of the

details are necessary to fully explain my reasoning and analysis.  These proceedings

are matters of public record; the parties have availed themselves of the powers of this

Court and a complete seal is inconsistent with the presumption of public access to

judicial records.  Therefore, a supplemental order setting forth my full analysis and

reasoning shall issue, containing details of the settlement agreements and Arbitration

Award as needed to explain my decision, unless good cause is shown on or before

October 7, 2009 for keeping any such details confidential.

3

2.     Motion to Dismiss or Stay

BIAX seeks to dismiss, or in the alternative stay, Claims 2, 3, and 4 as not ripe

for adjudication.   BIAX argues that the claims are not ripe because they depend on two

future events: (1) determination of BIAX's motion to vacate and (2) in the event the

motion to vacate is denied, BIAX's determination of whether to remit the amount or void

the allegedly conflicting agreement.   Given my denial of BIAX's motion to vacate, the

only remaining issue is whether Claims 2, 3, and 4 are contingent upon BIAX's choice

under the TI Agreement of either remit or void the ADI Agreement.

In this case, I agree with BIAX.   I conclude that there does exist a significant

future contingency affecting TI's claims.   Second, I conclude that the breach of contract

claim is also not ripe for adjudication.   Two events must happen for BIAX to breach the

contract:   (1) BIAX must opt to continue under the ADI Agreement and (2) BIAX must

fail to pay TI under the TI Agreement.   Therefore, I conclude that the breach of contract

claim "rests upon contingent future events that may not occur at all", and the claim is not

ripe for adjudication at this time.   *See Texas v. United States*, 523 U.S. 296, 300 (1998).

Finally, given that BIAX's liability is contingent upon future actions by BIAX, an

accounting of BIAX is premature at this time.

I do not, however, conclude that dismissal of Claims 2, 3, and 4 is warranted.

Rather, given that the only contingent future event in this lawsuit is an action by one of

the parties, I conclude that a temporary stay of this case is appropriate.   Therefore,

despite TI's objection, Claims 2, 3, and 4 will be stayed during which time BIAX shall

make its decision whether to remit payment under the TI Agreement or void the ADI

Agreement.

With regard to TI's claim for confirmation of the Arbitration Award (Claim 1), although the legal issue of whether there was agreement to have judgment entered pursuant to the Federal Arbitration Act might be decided without knowing whether BIAX elects to void the ADI Agreement, it is more efficient use of judicial resources to resolve Claim 1 with the other claims.

Addressing BIAX's option under the TI Agreement to remit payment or void the ADI license, no specific deadline is provided in the agreement and to date BIAX has given no definitive indication of its election, apparently relying on its Motion to Vacate. Generally, when no time for a prescribed action to be taken is set forth in a contract, the law imposes a general standard of acting within a reasonable time under the circumstances. *Ranta Const., Inc. v. Anderson*, 190 P.3d 835, 841 (Colo. App. 2008). Given that the arbitrator issued his decision in October of 2007, at least some of these issues have been pending for almost two years and there has been no showing of any further need for delay in BIAX exercising its options, a short-term deadline is appropriate for BIAX to decide whether to avoid the liability determined by the arbitrator by electing to void the ADI Agreement.  If BIAX does not elect within thirty days of the date of this order, it shall be deemed to have waived its right to void the ADI Agreement.

Again, this portion of the order is abbreviated in order to keep confidential certain details of the agreements.  A full order detailing my reasoning and analysis shall be issued unless good cause is shown on or before October 7, 2009 to keep certain information confidential.

3.     Motions for Summary Judgment

Each party has filed a motion for summary judgment and a motion to strike. Having previously denied BIAX's Motion to Vacate and Motion to Dismiss and granted its Motion to Stay upon limited terms, principally based upon the right of BIAX to avoid the liability of an arbitrator's decision by voiding the ADI Agreement, significant uncertainty exists concerning the resolution of the disputes between the parties pending a determination by BIAX whether it elects to void the ADI Agreement or is alternatively deemed to have waived that right.  That determination or waiver is a significant fact which will directly affect the decision-making on any pending dispositive motion. Accordingly, in the interests of judicial efficiency, the pending motions for summary judgment should be denied without prejudice and, as a consequence, the pending motions to strike concerning evidence referred to in the motions for summary judgment should be denied as moot.

Accordingly, it is ordered:

1.     BIAX Corporation's Motion to Vacate Arbitration Award (Docket No. 2 in Civil Action No. 07-cv-2548-WDM-BNB) is denied.

2.     BIAX Corporation's Motion to Dismiss (Docket No. 73) is granted in part to the extent it seeks a stay of Claims 2, 3, and 4 and denied in part to the extent it seeks dismissal of any claim.

3.     Claims 1, 2, 3, and 4 are stayed until further order of this court.

4.     BIAX shall notify TI and this Court within thirty days of this Order whether it is voiding the ADI Agreement and provide appropriate proof of such

6

action.

5.    If such notice is not timely filed with this court, BIAX shall have waived its
      right to void the ADI Agreement and TI may move to lift the stay.

6.    The parties shall schedule a status conference between thirty-five and
      sixty days of this order.

7.    TI's Motion for Summary Judgment (Docket No. 292) and BIAX
      Corporation's Motion for Summary Judgment (Docket No. 296) are denied
      without prejudice.

8.    BIAX Corporation's Motion to Strike (Docket No. 310) and TI's Motion to
      Strike (Docket No. 319) are denied as moot.

9.    A supplemental order shall issue setting forth in detail my reasoning and
      analysis and will contain details of the case previously kept confidential
      unless the parties show good cause on or before October 7, 2009 why any
      part of this information should not be disclosed.

DATED at Denver, Colorado, on September 28, 2009.

                              BY THE COURT:


                              s/ Walker D. Miller
                              United States Senior District Judge