IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02370-WDM-MEH

TEXAS INSTRUMENTS, INC.,

    Plaintiff,

v.

BIAX CORPORATION,

    Defendant.

and

Civil Action No. 07-cv-02548-WDM-BNB

BIAX CORPORATION,

    Plaintiff,

v.

TEXAS INSTRUMENTS, INC.,

    Defendant.

## ORDER ON RECOMMENDATION OF MAGISTRATE JUDGE

Miller, J.

This matter is before me on Magistrate Judge Michael E. Hegarty's recommendation, issued December 29, 2008 (Docket Nos. 272, 273)[1], that Plaintiff

---

[1] I have included the docket numbers for both the public entry and the sealed entry.

Texas Instruments, Inc.'s ("TI") Motion to Amend (Docket Nos. 222, 226) be denied.  TI filed a timely objection to the recommendation (Docket Nos. 276, 278) and, therefore, is entitled to *de novo* review of the portions of the recommendation to which objection was made.  28 U.S.C. § 636(b); *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1462 (10th Cir. 1988).  Defendant BIAX Corporation ("BIAX") responded to Plaintiff's objections (Docket Nos. 286, 287) and TI replied (Docket Nos. 294, 299).  Following *de novo* review and for the reasons set forth below, I accept Magistrate Judge Hegarty's recommendation as modified herein.

## Background

The background of this case is set forth in my Order on Pending Motions, filed contemporaneously with this order, and will not be repeated in detail here.  In short, this case concerns settlement terms in a patent dispute.  After the parties entered into an agreement resolving their initial dispute (the "TI Agreement"), a new controversy arose.  Pursuant to the TI Agreement, the parties submitted the new matter to binding arbitration.  The arbitrator made an award in favor of TI.  In my Order on Pending Motions, I denied BIAX's motion to vacate the arbitration award.

Both BIAX and TI, on May 27, 2009 and June 4, 2009, respectively, notified this Court of an associated case, Civil Action No. 09-cv-00566-PAB-KMT.  This action was brought by TI against Scott Livingstone, Thomas L. Livingstone, Raymond S. Livingstone, Jr., John Meli, and Equipment Investment & Management Corporation, Inc. ("EIMCO").  As the complaint in that case is under seal, it is unclear exactly what claims were brought by TI against these defendants.

The motion before me now seeks to add claims against the same individuals,

Raymond Livingstone, Jr., Scott Livingstone, Thomas L. Livingstone, and John Meli (collectively the "Board Member Defendants"), EIMCO, and the John Doe Trust, a trust for the benefit of Raymond S. Livingstone and/or other members of his family.[2] Specifically, TI seeks to add claims for (1) breach of fiduciary duty against BIAX; (2) aiding and abetting BIAX's breach of fiduciary duty against the Board Member Defendants; (3) unjust enrichment against BIAX, the Board Member Defendants, the John Doe Trust, and EIMCO; (4) a constructive trust/equitable lien against funds from all of the defendants; and (5) "alter ego/pierce the corporate veil" to disregard any formal corporate separateness between the individual defendants, BIAX, EIMCO, and the John Doe Trust.  (*See* Proposed Am. Compl., Docket No. 222-2.)

## Standard of Review

Fed. R. Civ. P. 15(a) generally addresses amendment of pleadings prior to trial. It provides that a court should "freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2).  However, Rule 16(b) applies when the deadline for amendment of pleadings as set in the scheduling order has passed.  Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judges consent.").  Although the Tenth Circuit has not adopted a rule on the interaction between Rule 15(a) and Rule 16(b), *see Minter v. Prime Equip. Co.*, 451 F.3d 1196,

---

[2]  I note that the motion to amend may now be unnecessary given the separate action against the Board Defendants and EIMCO.  *See* Civil Action No. 09-cv-00566-PAB-KMT.  Because that case is sealed, however, I am unable to determine if TI asserted all the claims against those defendants that it seeks to add to this action.  The parties both filed notices of associated case in this action, but neither party addressed whether the new case affected TI's motion to amend nor has any party sought consolidation pursuant to D.C.COLO.LCivR 40.1C.4.

1205 n. 4 (10th Cir. 2006) (declining to "decide whether a party seeking to amend its pleadings after the scheduling order deadline must show 'good cause' for the amendment under Rule 16(b) in addition to the Rule 15(a) requirements" as "[n]either party raise[d] the issue"), courts in this district have applied the framework articulated in *Pumpco, Inc. v. Schenker Int'l, Inc.*, 204 F.R.D. 667, 668 (D. Colo. Dec. 18, 2001), to cases where the scheduling order deadline has passed. *See, e.g.*, *Jenkins v. FMC Techs., Inc.*, 2009 WL 1464416, at *1 (D. Colo. May 26, 2009); *Ingle v. Dryer*, 2008 WL 1744337, at *1 (D. Colo. Apr. 11, 2008); *Dias v. City & County of Denver*, 2007 WL 4373229, at *2 (D. Colo. Dec. 7, 2007).

Under *Pumpco*, a movant must "first demonstrate to the court that it has 'good cause' for seeking modification of the scheduling deadline under [Fed. R. Civ. P.] 16(b)."[3] 204 F.R.D. at 668 (internal quotations omitted) (quoting *Colo. Visionary Acad.*

---

[3] "Good cause" under Rule 16(b) focuses on the diligence of the party making the motion and generally "means that scheduling deadlines cannot be met despite a party's diligent efforts." *Pumpco, Inc.*, 204 F.R.D. at 668 (quoting *Colo. Visionary Acad. v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000)) (internal quotations omitted); *accord Minter*, 451 F.3d at 1196 ("[Demonstrating good cause" requires the moving party to show that it has been diligent in attempting to meet the deadlines, which means it must provide an adequate explanation for any delay." (citations omitted)). However, "[c]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Pumpco, Inc.*, 204 F.R.D. at 668 (quoting *Colo. Visionary Acad.*, 194 F.R.D. at 687) (internal quotations omitted); *accord Minter*, 451 F.3d at 1196.

Notably, the Tenth Circuit has acknowledged "the rough similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15." *Minter*, 451 F.3d at 1205 n.4. The Tenth Circuit "focuses primarily on the reasons for delay" when determining if amendment would cause "undue delay," which brings the analysis more closely in line with the "good cause" analysis under Rule 16(b). *Id.* at 1205–06. Indeed, "denial of leave to amend is appropriate [under Rule 15(a)] 'when the party filing the motion has no adequate explanation for the delay.'" *Id.* (quoting *Frank*, 3 F.3d at 1365–66).

*v. Medtronic, Inc.*, 194 F.R.D. 684, 687) (D. Colo. Jul. 7, 2000)). If the movant meets the Rule 16(b) burden, the court must then consider whether the movant has satisfied the standard for amendment required under Fed. R. Civ. P. 15(a). *Id.* Denial of leave to amend under Rule 15(a) is generally only "justified upon a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357,1365 (10th Cir. 1993) (citing *Castleglen, Inv. v. Resolution Trust Corp.*, 984 F.2d 1571, 1585 (10th Cir. 1993)); *accord Bylin v. Billings*, 568 F.3d 1224, 1229 (10th Cir. 2009) (quoting *id.*). The "most important . . . factor in deciding a motion to amend the pleadings, is whether the amendment would prejudice the nonmoving party." *Minter*, 451 F.3d at 1207. "Courts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (qutoing *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir.1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues."

Discussion

Magistrate Judge Hegarty recommends that Plaintiffs' motion to amend be denied. He addressed TI's motion under only Rule 15(a) and did not apply *Pumpco's* two-pronged framework. This is irrelevant, however, as Magistrate Judge Hegarty ultimately concluded that TI had not met the second prong of the *Pumpco* analysis—the Rule 15(a) standard. *See Pumpco*, 204 F.R.D. at 668 (articulating a two-prong analysis). Magistrate Judge Hegarty concluded that BIAX would suffer prejudice if TI

were permitted to amend its complaint.  He determined that the TI's proposed claims were actually premature attempts to collect on the arbitration award—the subject of the entire lawsuit—rather than independent claims for relief.  He further concluded that adding the new claims and parties would require substantial new discovery, when discovery was already closed and the matter was moving towards trial.  Finally, Magistrate Judge Hegarty found that TI would not suffer any prejudice if it were not permitted to amend its complaint as it could freely bring its enforcement actions should the arbitration award be confirmed.

I generally agree with Magistrate Judge Hegarty.  In its motion to amend, TI seeks to add a number of new claims against a number of new defendants including the Board Member Defendants, EIMCO, and the John Doe Trust as well as adding new claims against BIAX.  Allowing the addition of these claims would significantly change the case and the defense that BIAX, and perhaps separate counsel, would need to prepare.  In particular, adding the claims against the new defendants adds significant issues to the case, including those regarding the corporate structure of BIAX, the actions and responsibility of each individual defendant, and potential piercing of the corporate veil.

Although TI is correct that the new claims do not technically "arise out of a subject matter different" from what was previously set forth in the complaint in that they all relate the dispute between TI and BIAX and the payment of the arbitration award, the new claims do raise significant new issues that were not previously presented.  Indeed, the addition of these new claims would require BIAX to engage in substantial new discovery in order to adequately prepare its defense in this case.  *See Minter*, 451 F.3d

at 1208. I am mindful that generally, "'the need for additional discovery is not persuasive as undue prejudice.'" *S.E.C. v. Nacchio*, 2008 WL 2756941, at *7 (D. Colo. Jul. 14, 2008) (unpublished) (quoting *Gropp v. United Airlines, Inc.*, 847 F.Supp. 941, 946 (M.D. Fla. 1994)). However, as is the case here, when the new claims add substantial complexity to the case and raise significant new factual issues, thus altering the theories of the case, a defendant is unfairly affected in his ability to prepare the defense and is, therefore, prejudiced. See *HCA-HealthOne, LLC v. Susan Lou Sparks Trust*, 2006 WL 3762024, at *2 ("[P]rejudice under Rule 15 'means undue difficulty in prosecuting [or defendant] a lawsuit as a result of a change of tactics or theories on the part of the other party.'" (quoting *Deakyne v. Comm'rs of Lewes*, 416 F.2d 290, 300 (3d Cir. 1969)). Furthermore, contrary to TI's suggestion, a finding of prejudice is not foreclosed when the new claims arise out of the same subject matter as the previously asserted claims; rather, defendants are "most often" unfairly affected "in terms of preparing for their defense" when the new claims arise out of a different subject matter. *Minter*, 451 F.3d at 1207. Given the substantial new issues that will arise from the amendment sought here, I agree with Magistrate Judge Hegarty that BIAX would be prejudiced if leave to amend is granted with respect to the claims sought to be asserted against any new defendant.

However, with respect to the claims brought against BIAX itself, I conclude that BIAX would not be prejudiced by their introduction to this case. Indeed, these claims do not raise the same type of significant new issues or theories of the case as the claims against the new defendants would raise. Therefore, I must determine whether amendment is appropriate with respect to these claims. After review of the parties'

briefs and the proposed amended complaint, I conclude that none of the three new claims sought to be brought against BIAX is appropriate for amendment.

First, with respect to the breach of fiduciary duty claim, I conclude that amendment is futile. "A district court may refuse to allow amendment if it would be futile." *Anderson v. Suiters*, 499 F.3d 1228, 1238 (10th Cir. 2007) (citing *Lind v. Aetna Health, Inc.*, 466 F.3d 1195, 1199 (10th Cir.2006)). "'A proposed amendment is futile if the complaint, as amended, would be subject to dismissal.'" *Id.* (quoting *Lind*, 466 F.3d at 1199). In this case, TI has not alleged sufficient facts to demonstrate a fiduciary relationship between itself and BIAX. In Colorado,

> A fiduciary relationship exists when one person is under a duty to act for or to give advice for the benefit of another upon matters within the scope of their relationship. A fiduciary relationship can arise when one party occupies a superior position relative to another. It may be based upon a professional, business, or personal relationship.

*Johnston v. CIGNA Corp.*, 916 P.2d 643, 646 (Colo. Ct. App. 1996) (citing *Moses v. Diocese of Colo.*, 863 P.2d 310 (Colo.1993)). However, absent a "special relationship" there is no fiduciary duty. *See Cary v. United of Omaha Life Ins. Co.*, 68 P.3d 462, 466 (Colo. 2003) (holding that the agents of the insurance company do not owe a duty of good faith to the insured because "they do not have the requisite special relationship with the insured"); *Estate of Hill v. Allstate Ins. Co.*, 354 F.Supp.2d 1192, 1198 (D. Colo. 2004) ("Without a special relationship between Marchand and the Pauls, she owed no fiduciary duty to them." (citing *Cary*, 68 P.3d at 466)). Furthermore, "[a]n unequal relationship does not automatically create a fiduciary duty"; rather, "the superior party must assume a duty to act in the dependent party's best interest." *Moses*, 863 P.2d at 322 (citations omitted). Alternatively, fiduciary duties may arise when the plaintiff

"shows that he or she reposed a special trust or confidence in the defendant, that the reposition was justified, and that the defendant either invited or ostensibly accepted that trust." *Steiger v. Burroughs*, 878 P.2d 131, 134 (Colo. Ct. App. 1994) (citing *First Nat'l Bank v. Theos*, 794 P.2d 1055 (Colo.App.1990)).

In this case, no special relationship exists between TI and BIAX.  Rather, the two parties have a standard business relationship, governed by a contract.  BIAX is under no duty to "act for" the benefit of TI.  *See Johnston*, 916 P.2d at 646.  BIAX also never assumed the duty to act in TI's best interest.  *See Moses*, 863 P.2d at 322. Furthermore, TI has not demonstrated that it had a "special trust or confidence" in BIAX or that BIAX "either invited or ostensibly accepted that trust."  *See Steiger*, 878 P.2d at 134.  Again, the parties were involved in a fairly standard business relationship rather than any special relationship.  TI's citation to *DerKevorkian v. Lionbridge Techs., Inc.*, 2006 WL 197320, at *6–7 (D. Colo. Jan. 26, 2006) (unpublished) is unpersuasive as that case did not address two companies with a business relationship but rather a company that had allegedly agreed to assist one of its employees obtain a green card. Therefore, the addition of the breach of fiduciary duty claim against BIAX is futile and amendment is, therefore, improper.

Concerning the unjust enrichment and constructive trust/equitable lien claims against BIAX, I conclude that amendment is not proper based on undue delay. Although TI alleges that it only became aware of these claims after its October 2008 deposition of Scott Livingstone, the information allegedly first obtained by TI at this deposition was not necessary to bring these claims against BIAX.  Indeed, TI alleged in its original complaint that BIAX had received a payment from Intel and that BIAX had

not assigned any portion of this payment to TI. (Compl., Docket No. 1 ¶¶ 25–27.) This knowledge was sufficient to bring either an unjust enrichment claim for failure to assign the funds to TI or a constructive trust/equitable lien claim to preserve the funds held by BIAX. As TI has presented no other adequate explanation for the delay with respect to these claims, denial of leave to amend is appropriate. See Minter, 451 F.3d at 1205–06 ("[D]enial of leave to amend is appropriate [under Rule 15(a)] 'when the party filing the motion has no adequate explanation for the delay.'" (quoting Frank, 3 F.3d at 1365–66)).

Additionally, with respect to the constructive trust claim, I agree with Magistrate Judge Hegarty that it is actually an attempt to collect on the arbitration award—a premature action given the state of the litigation in this case. Therefore, even though I have already denied BIAX's motion to vacate the arbitration award, an amendment to add this claim is not appropriate now as the ultimate resolution of the claims between the parties is still in dispute.

Accordingly, it is ordered:

1. The recommendation of Magistrate Judge Michael E. Hegarty, issued December 29, 2008 (Docket Nos. 272, 273) is accepted as modified.

2. Plaintiff Texas Instruments, Inc. ("TI") Motion to Amend (Docket Nos. 222, 226) is denied.

DATED at Denver, Colorado, on September 28, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge