IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Walker D. Miller

Civil Action No. 07-cv-02370-WDM-MEH

TEXAS INSTRUMENTS, INC.,

      Plaintiff,

v.

BIAX CORPORATION,

      Defendant.

and

Civil Action No. 07-cv-02548-WDM-BNB

BIAX CORPORATION,

      Plaintiff,

v.

TEXAS INSTRUMENTS, INC.,

      Defendant.

---

## ORDER ON MOTION FOR SUMMARY JUDGMENT

Miller, J.

This case is before me on the Motion for Summary Judgment (Docket No. 296)

filed by BIAX Corporation ("BIAX").  Although I initially denied the motion without

prejudice as premature, BIAX renewed the motion on October 30, 2009.  The matter is

fully briefed and therefore I now review the motion on the merits.  For the reasons that

follow, BIAX's Motion for Summary Judgment will be granted as to Claim One

(confirmation of the arbitration award).  I reserve ruling as to the remaining claims.

## Background

This is a contract case involving settlement terms in a patent dispute.  In 2004,

BIAX brought suit against TI claiming that some of TI's products infringed five of BIAX's

patents.  While the TI/BIAX litigation was pending, BIAX brought a separate action

against Intel Corporation ("Intel") and Analog Devices, Inc. ("ADI"), also claiming patent

infringement.  In July 2005, TI and BIAX entered into a written settlement agreement

(the "TI Agreement") resolving all claims between them.  The settlement required BIAX

to license all of its patents to TI under certain conditions and TI to pay BIAX an up-front

royalty fee.

The TI Agreement also included a "most favored license" provision (the "MFL

Provision") which provided that TI would be "entitled to terms in any future Similar

License[, a defined term,] to any of the Licensed Patents if they are determined to be

more favorable to TI."  (TI Agreement ¶ 12.13.2, filed as Docket No. 75-2 at 9.)

Pursuant to the TI Agreement, upon learning of a Similar License it believed was more

favorable, TI was to notify BIAX and set forth the amount of refund it believed it was

entitled to under the MFL Provision.  BIAX could then either pay the amount or "submit

to binding arbitration regarding that amount."  If the arbitration determined that BIAX

owed money to TI under the MFL Provision, BIAX was again presented a choice: either

remit the amount to TI or "void the Similar License."  (TI Agreement ¶ 12.13.3.).  The

agreement also contained a provision whereby BIAX would assign certain future royalties to TI to pay off the arbitration award (the "Remittance Provision") if BIAX elected not to void the similar license.  The effect and construction of the Remittance Provision is an issue in dispute in this litigation but is not addressed here.

On May 9, 2007, BIAX entered into an agreement with ADI (the "ADI Agreement") to settle the litigation between them.  After seeing the ADI Agreement,[1] TI provided notice to BIAX that it viewed the terms of the ADI Agreement as more favorable than the TI Agreement based on the total amount paid by ADI as compared to the total amount paid by TI.  Therefore, TI requested an initial refund and reserved the right to request a further refund.  BIAX disagreed and exercised its option to enter binding arbitration.

Pursuant to the TI Agreement, the arbitrator had authority to determine two questions: (1) whether BIAX granted to ADI more favorable terms than TI received under the TI Agreement; and, if so, (2) the amount of refund which would provide TI with equally beneficial terms at those provided under the ADI Agreement.  On October 10, 2007, the arbitrator rendered his decision in favor of TI and awarded a fixed amount as a refund (the "Arbitration Award").

On November 7, 2007, BIAX moved in state court to vacate the arbitration award. TI removed that action to this Court on December 7, 2007.  TI brought the current action against BIAX on November 9, 2007 alleging four claims for relief: (1) confirmation of the

---

[1]  The parties do not dispute that the ADI Agreement is a "Similar License" as defined in the TI Agreement and, therefore, subject to the MFL Provision.

arbitration award; (2) declaratory judgment interpreting the terms of the TI Agreement

relating to the Remittance Provision; (3) breach of contract; and (4) accounting.  In an

earlier order (Docket No. 415, as supplemented by Docket No. 429), I declined to

vacate the arbitration award and held that any breach of contract determination was

premature because BIAX still had the option of voiding the ADI Agreement rather than

making payment to TI.  On October 30, 2009, BIAX filed a notice (Docket No. 432)

indicating that it had elected not to void the ADI Agreement.

<u>Standard of Review</u>

Summary judgment is appropriate when there is no genuine issue as to any

material fact and the moving party is entitled to judgment as a matter of law.  Fed. R.

Civ. P. 56.  A factual issue is genuine if "the evidence is such that a reasonable jury

could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby*, 477 U.S.

242, 248 (1986).

Where "the moving party does not bear the ultimate burden of persuasion at trial,

it may satisfy its burden at the summary judgment stage by identifying 'a lack of

evidence for the nonmovant on an essential element of the nonmovant's claim.'"

*Bausman v. Interstate Brands Corp.*, 252 F.3d 1111, 1115 (10th Cir. 2001) (quoting

*Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 671 (10th Cir. 1998)).  Then, "[t]o avoid

summary judgment, the nonmovant must establish, at a minimum, an inference of the

presence of each element essential to the case."  *Id.*

<u>Discussion</u>

BIAX argues that TI's claim for confirmation of the arbitration award fails because

the parties did not agree to this.  The Federal Arbitration Act, which governs here, provides that a federal court has jurisdiction to confirm an arbitration award where "the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration."  9 U.S.C. § 9.  The Tenth Circuit has addressed this issue and noted that, absent explicit consent to have a judgment entered, other courts have only found such agreement where two provisions are contained in the arbitration agreement: (1) a "finality" provision, such as "the parties agree that the arbitration award will be final and binding" and (2) an "AAA" rules provision, such as "the parties agree that the rules of the American Arbitration Association shall govern this arbitration."  *Okla. City Assoc. v. Wal-Mart Stores, Inc.*, 923 F.2d 791, 794 (10th Cir. 1991).  However, the Tenth Circuit questioned the logic of the "finality" exception "because § 9 requires that the consent to have judgment entered be 'in the agreement.'" *Id.*  As the Court noted, "it is equally plausible that a finality clause could be interpreted" to intend state rather than federal enforcement.  *Id.*

Here, the arbitration provision at issue shows that the parties agree to submit disputes about the refund amount, if any, owed to TI by virtue of the MFL provision. The agreement provides that the parties will "submit to binding arbitration regarding that amount."  Then, if the arbitration results in a determination that BIAX owes some amount to TI, the agreement provides BIAX the option to remit the amount or void the disputed similar license.  There is no express consent to make that determination subject to a judgment in federal court, nor is there any reference to AAA rules or even to a "final" award.  The mere reference in the agreement that the determination of the

amount of the refund be "binding" cannot be equated to a "finality" provision if for no other reason than it applies to an amount which may, at BIAX's option, become irrelevant to any final relief or award.  Further, if we were to ignore that reality, the Tenth Circuit makes clear that it would not accept a "finality exception" to the section 9 requirement that the contract contain an agreement to confirm.  *Okla City Assoc.*, 923 F.2d at 795 ("Section 9 requires *some* manifestation of the agreement to have judgment entered in the contract itself."), *accord P & P Indus., Inc., v. Sutter Corp.,* 179 F.3d 861, 867 (10th Cir. 1999).

I conclude, as a matter of law[2], then, that the contract cannot be interpreted to provide for confirmation of the award pursuant to section 9.  Accordingly, BIAX's motion for summary judgment on Claim One should be granted as TI's claim for confirmation is barred by lack of jurisdiction.  I reserve ruling on the remaining claims.

DATED at Denver, Colorado, on November 25, 2009.

BY THE COURT:

s/ Walker D. Miller
United States Senior District Judge

---

[2]      Interpretation of a contract is a question of law.  *Ad Two, Inc. v. City and County of Denver, ex rel Manager of Aviation,* 9 P.3d 373, 376 (Colo. 2000).  "A court's duty is to interpret a contract in a manner that effectuates the manifest intention of the parties at the time the contract was signed.  The touchstone in determining the intention of the parties is the language of the written agreement.  If the language is plain, clear and unambiguous, a contract must be enforced as written."  *Randall & Blake, Inc. v. Metro Wastewater Reclamation Dist.*, 77 P.3d 804, 806 (Colo. App. 2003) (citations and internal punctuation omitted).

PDF FINAL                                          6